# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS – WACO DIVISION

| | |
|---|---|
| **BOBBIE WARREN, individually and as Administrator for the ESTATE OF PATRICK WARREN, SR.**<br><br>        **Plaintiff,**<br><br>v.<br><br>**REYNALDO CONTRERAS**<br><br>And<br><br>**THE CITY OF KILLEEN**<br><br>        **Defendants.** | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

NOW COMES Bobbie Warren, individually and as Administrator for the Estate of Patrick Warren Sr., complaining of Defendants Reynaldo Contreras, The Killeen Police Department, and The City of Killeen, Texas ("the City"), and for cause would show the Honorable Court as follows:

1. On January 10, 2021, Patrick Warren Sr. was shot and killed by Reynaldo Contreras, a Killeen, Texas police officer.

2. This is an action brought by the Plaintiff against Defendants, Killeen, Texas, and their agent and servant, Police Officer Reynaldo Contreras for Contreras' use of excessive and deadly force under the color of state law resulting in the death of Patrick Warren Sr. in violation of his rights under the Fourth Amendment of the United States Constitution secured pursuant to 42 U.S.C. § 1983.

3. Plaintiff brings this action pursuant to Texas' wrongful death statute under Tex. Code Ann. § 71.004.

4. Plaintiff brings this action pursuant to Texas' Survival Action under Tex. Code Ann. § 71.021.

5. Patrick Warren Sr. was survived by his wife Bobbie Warren and his children Patrick Warren, Jr., Dumon Smith, and Shaquon Warren.

6. Plaintiff, Bobbie Warren is the duly appointed administrator of the Estate of Patrick Warren.

7. Plaintiff, Bobbie Warren has filed a petition seeking appointment as administrator of the Estate of Patrick Warren, Sr. The petition remains pending in Bell County Probate Court.

8. Plaintiff alleges that the City of Killeen, Texas, failed to properly train, supervise, counsel, or otherwise properly equip officers to engage with citizens experiencing mental crises.

9. Plaintiff alleges that the City of Killeen, Texas failed to properly train, supervise, counsel, or otherwise properly equip officers on proper use of force.

10. The City had a duty, but failed to implement and/or enforce training, policies, practices, and procedures for the Killeen Police Department that respected Plaintiff's constitutional rights.

11. Defendant City's failure to adequately supervise and train Defendant Contreras, failure to implement the necessary policies and procedures, and affirmative implementation of unconstitutional policies caused Plaintiff's unwarranted and excruciating physical and mental anguish and death.

12. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks redress and compensation for damages and the wrongful death of Patrick Warren, Sr.

## PARTIES

13. Plaintiff, Bobbie Warren, is the duly appointed administrator of the Estate of Patrick Warren, Sr. and is an adult individual and resident of the state of Texas.

14. Defendant Reynaldo Contreras was at all relevant times a police officer with the Killeen Police Department.

15. Defendant Killeen, Texas is a municipality duly organized and existing under the laws of the state of Texas. Defendant Killeen, Texas is responsible for the funding, budget, policies, operation, and oversight of the Killeen Police Department. The Killeen Police Department is also responsible for preventive, investigative, and enforcement services for all citizens of Killeen. Defendant Killeen may be served at the Office of the City Attorney, 101 N College Street, Killeen, TX 76541.

## JURISDICTION AND VENUE

16. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth Amendment rights to the decedent Patrick Warren, Sr. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

17. Venue is proper in this Honorable Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Western District of Texas.

## THE DEATH OF PATRICK WARREN, SR.

18. On or about, January 10, 2021 at approximately 5:30 p.m., Bobbie Warren made a call to engage with Mental Health Services for her husband, Patrick Warren, Sr.

19. Mrs. Warren made it clear during this phone call that she was looking for help with her husband who was experiencing a mental health crisis and the family wanted assistance.

20. Instead of the Mental Health Services or a Mental Health Resource Office, Defendant Killeen dispatched Officer Reynaldo Contreras of the Killeen Police Department to the Warren's residence at 1601 Carrolton Avenue in Killeen.

21. On or about, January 10, 2021 at approximately 5:41 p.m., Killeen Police Officer Reynaldo Contreras arrived at the Warren's residence.

22. Contreras first checked the license plates of the vehicles in the driveway before approaching the residence.

23. Contreras knocked on the door of the residence and was invited into the home by the residents.

24. Upon entering, Contreras was asked to come into the kitchen by Patrick Warren, Sr.

25. Contreras entered the residence, but quickly exited, stating "I don't work like this."

26. Contreras then radioed to call for the assistance of other officers.

27. Contreras stood outside of the residence waiting for other officers to arrive.

28. While Contreras was outside, Patrick Warren, Sr. opened the front door of his residence and Contreras immediately asked to see his hands while readying his TASER for deployment.

29. Video recording of the incident demonstrates that the red dot of the TASER can be seen on Patrick Warren Sr.'s shirt while he remained at the threshold of his residence.

30. Patrick Warren, Sr. immediately showed his hands and it is obvious from the video footage that he was unarmed and had nothing in his hands as he exited his home.

31. Despite this, Contreras continued to point his TASER at Patrick Warren, Sr. and escalated his verbal commands toward Patrick Warren, Sr.

32. Contreras then deployed his TASER at Patrick Warren, Sr. in the front yard of Mr. Warren's residence striking him.

33. Patrick Warren, Sr. struggled from the impact of being TASED and removed the prongs of the weapon from his body while Contreras continued to yell at Mr. Warren.

34. As Patrick Warren, Sr. got back to his feet after being TASED, he began to take steps forward prompting Contreras to yell that he is going to shoot Mr. Warren. Contreras threatened to shoot Mr. Warren despite clear evidence that Warren was unarmed.

35. Contreras then fired three shots, all of which hit Patrick Warren, Sr.

36. Contreras continued to yell commands at Mr. Warren while Mr. Warren struggled from multiple gunshot wounds.

37. Other Officers from the Killeen Police Department then arrived, and placed Mr. Warren in handcuffs.

38. Patrick Warren, Sr. was transported by Killen Ambulance Services to Carl R. Darnall Army Medical Center where he arrived at or around 6:27 P.M.

39. Patrick Warren, Sr. was pronounced dead at 6:45 P.M. on January 10, 2021 at Carl R. Darnall Army Medical Center.

40. The cause of death was three gunshot wounds inflicted upon him by Reynaldo Contreras.

41. Contreras was temporarily placed on administrative leave following his shooting of Patrick Warren, Sr.

42. Contreras returned to work for the Killeen Police Department on April 29, 2021.

## FAILURES OF THE KILLEEN POLICE DEPARTMENT

43. From 2007 through 2021, The Killeen Police Department has displayed a consistent and systematic failure to properly train and supervise its officers on the proper use of force, and techniques and principles of de-escalation, specifically de-escalation techniques to be used when encountering a citizen experiencing a mental health crisis.

*Lack of Policy and Deficient Training on Mental Health Calls*

44. The Killeen Police Department has consistently been reluctant to provide the necessary education to its employees on how to adequately meet the needs of its citizens.

45. The Killeen Police Department has repeatedly denied requests from its own Officers for schooling on how to appropriately handle Mental Health Calls because that type of schooling was not "mandated", and the department maintained a policy of not allowing its officers to take non-mandated courses.

46. The lack of training and supervision on these issues are well known to those within the department.

47. The Killeen Police Departments failure to properly train and provide schooling opportunities for their employees has resulted in an inability for the department's officers to properly engage with the citizens of Killeen and has resulted in unnecessary and excessive uses of force, especially against citizens experiencing mental health crises.

*Deficient Training on Use of Lethal Force*

48. Under Killeen Police Department General Orders, Policies, and Procedures B101.13 § .06 (C), an Officer may fire a weapon capable of inflicting lethal force in a manner "calculated to stop a subject from completing an act which, if completed, will likely result in death or serious injury to the Officer or another."

49. Under Killeen Police Department General Orders, Policies, and Procedures B101.13 § .06 (D), examples of when an employee may use deadly force include:

    1. To defend himself, or another person, from what the officer reasonably perceives as an immediate threat of death or serious injury to another (other than the actor), or

    2. To apprehend a subject known to be armed and dangerous, or

    3. When alternative means of apprehension would involve substantial risk of death or serious injury, and

    4. When the employee's actions will not involve an obvious or unacceptable danger to innocent bystanders.

50. The broad structure of the Killeen Police Departments policy on use of deadly force as mentioned *supra* allowed for Officer Reynaldo Contreras to utilize deadly force under

circumstances where neither he or anyone else was in risk of death or serious bodily harm.

51. A policy that allows for an Officer to use their own judgment as to a "threat of death or serious injury" from an unarmed person who is not placing anyone at risk of death or serious bodily harm is constitutionally deficient, thoughtless and resulted in the murder of Patrick Warren, Sr.

## **WRONGFUL DEATH ACTION**

52. Plaintiff Bobbie Warren, as administrator of the estate of Patrick Warren, Sr., deceased, hereby brings these claims pursuant to the Texas Wrongful Death Statute, Tex. Code. Ann. § 71.004, on behalf of herself and all those persons entitled by law to recover damages as a result of the wrongful death of Patrick Warren, Sr.

53. No other action has been brought to recover for Patrick Warren, Sr.'s death under the aforementioned statute(s).

54. Plaintiff claims all available damages under the Texas Wrongful Death Statute for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contributions and the Plaintiff's decedent, Patrick Warren, Sr., would have rendered to the wrongful death beneficiaries but for his traumatic, untimely and unnatural death occurring as a result of the unlawful shooting which is subject to the present litigation.

55. Plaintiff claims damages for all medical bills and/or expenses.

56. Plaintiff claims damages for payment of funeral and burial expenses.

## SURVIVAL ACTION

57. Plaintiff also brings her claims as a Survival Action under the Tex. Code Ann. § 71.021, for all damages recoverable under the Statute, including but not limited to, loss of income both past and future income potential, as well as, pain and suffering prior to death, and for the emotional distress suffered by Plaintiff's decedent, Patrick Warren, Sr., from the initiation of Defendant Contreras's unlawful use of force until his death.

## COUNT I: FOURTH AMENDMENT VIOLATION
## EXCESSIVE FORCE AGAINST DEFENDANT REYNALDO CONTRERAS

58. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

59. Defendant Contreras violated the Fourth Amendment rights of Patrick Warren, Sr., when he engaged in excessive force against Mr. Warren, this conduct included the use of a TASER against Mr. Warren, the firing of his gun at Mr. Warren, these actions ultimately culminated in the death of Mr. Warren.

60. Plaintiff would show the Defendant Contreras failed to act as an objectively reasonable officer would have acted in the same or similar circumstances. That is, Defendant Contreras, without justification and the need to do so, used excessive and deadly force as described above and killed Mr. Warren without legal justification.

61. The excessive and deadly forced used by Defendant Contreras was not objectively reasonable, justified, nor was it necessary under the circumstances.

62. Plaintiff would show that Defendant Contreras denied Mr. Warren of his right to be free from the use of excessive force in violation of the 4th Amendment of the United States Constitution.

63. Defendant Contreras embarked on a willful, malicious, reckless, and outrageous course of conduct that was intended to cause and, in fact, caused Mr. Warren to suffer extreme and severe mental and emotional distress, anxiety, terror and agony.

64. Plaintiff seeks survival damages, as stated above, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE,** Plaintiff demands judgement in her favor, and against Defendant Contreras, pursuant to 42 U.S.C. 1983, in an amount in excess of $10 million, including interest, delay damages, costs of suits, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law, attorneys' fees under U.S.C 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

## COUNT II: MUNICIPAL LIABILITY
## AGAINST DEFENDANT, THE CITY OF KILLEEN

65. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

66. The customs, practices, and policies of the City of Killeen were a moving force behind Defendant Contreras' violation of Patrick Warren Sr.'s constitutional rights.

67. Mr. Warren was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, by the City of Killeen through its failures addressed *supra*.

68. These failures and the refusal to rectify them were the moving force behind the deprivation of Patrick Warren Sr's constitutional rights.

69. Plaintiff seeks survival damages, as stated above, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against Defendant the City of Killeen pursuant to 42 U.S.C. 1983, in an amount in excess of $10 million, including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, attorneys' fees under U.S.C. 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

Respectfully submitted,

/s/ John J. Coyle

**McELDREW PURTELL**
John J. Coyle, Esquire
Texas Bar # 24121302
123 So. Broad Street, Ste. 2250
Philadelphia, PA 19109
Ph.: 215-545-8800
jcoyle@mceldrewpurtell.com

**MERRITT LAW FIRM**
S. Lee Merritt, Esquire
425 Pinson Rd., Suite M
Forney, TX 75126
lee@leemerrittesq.com
*Pro Hac Vice Petition Forthcoming*

**AMINI & CONANT**
Alex Conant, Esquire
Texas Bar # 24074061
408 W. 11th Street, Fifth Floor
Austin, TX 78701
512-222-6883
alex@aminiconant.com